DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 23. The majority correctly holds that the chancellor should have granted Swain relief based on the equitable theory of unjust enrichment. But, because the majority merely modifies Swain’s award without remanding to the chancellor for a fair and equitable determination of the amounts due, I dissent in part.
¶24. Unjust enrichment applies when “there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he [or she] should not retain but should deliver to another.”[2] In such situations, we “impos[e] a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong.”[3] The amount of recovery for unjust enrichment is “that to which the claimant is equitably entitled.”[4]
¶ 25. Cates used $34,000 of Swain’s money to purchase a home, which she later sold at' a $109,000 profit. Rather than dividing the money with Swain, Cates took all the profits—plus another $9,495 from Swain—to purchase and carpet another home, which she titled exclusively in her name. It seems to me rather odd for the majority—claiming it is applying equitable principles—to conclude that Cates shall keep all the profits she earned from the use of Swain’s money. Where is the equity in that?
¶ 26. The majority sidesteps the equity consideration by asserting that the chancellor merely restored the “status quo.”[5] But allowing Cates to keep over a hundred-thousand dollars of profits she earned using Swain’s money hardly fits my definition of status quo.
¶ 27. To be clear, I do not view Swain’s contributions as “investments.” And, there is no issue regarding loans, because the chancellor rejected the notion that Swain “loaned” the money to Cates. I simply disagree with the majority’s view that this Court should forbid the chancellor from even considering the profits that Cates made using Swain’s money. This is precisely why the doctrine of unjust enrichment applies, and why the chancellor should be free to consider all of the facts and surrounding circumstances, and to ex *498 ercise discretion to reach an equitable award.
¶ 28. This case should be remanded for the chancellor to apply the doctrine of unjust enrichment and determine a fair and equitable amount of recovery, taking into consideration all factors, including the increase and/or decrease in value of the properties at issue, and not just the dollar amount of Swain’s contribution. Because the majority forbids the chancellor from considering anything but the amount of Swain’s contributions and merely corrects the chancellor’s mathematical errors, I respectfully concur in part and dissent in part.

. Hans v. Hans, 482 So.2d 1117, 1122 (Miss. 1986) (emphasis added).

. Id.

. Estate of Johnson v. Adkins, 513 So.2d 922, 926 (Miss. 1987).

. Maj. Op. at ¶ 18.